UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------X
                            :
UNITED STATES OF AMERICA,    :
                            :   11-CR-414 (JBW)
          v.                 :
                            :   December 12, 2011
LAWRENCE DICRISTINA,         :
                            :   Brooklyn, New York
               Defendant.    :
                            :
----------------------------X
```

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          LORETTA LYNCH, ESQ.
                            UNITED STATES ATTORNEY
                            BY: MARISA SEIFAN, ESQ.
                                LAN NGUYEN, ESQ.
                            ASSISTANT U.S. ATTORNEYS
                            271 Cadman Plaza East
                            Brooklyn, New York  11201


For the Defendant:          KANNAN SUNDARAM, ESQ.




Audio Operator:


Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377


Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK: Criminal cause for pleading in United

2    States v. Lawrence DiCristina, Docket Number 11-CR-414.

3          Counsel, please state your names for the record

4    starting with the government.

5          MS. SEIFAN:  Marisa Seifan and Lam Nguyen for the

6    United States.  Good afternoon, your Honor.

7          THE COURT:  Good afternoon.

8          MR. SUNDARAM:  Kannan Sundaram Federal Defenders

9    for Mr. DiCristina.  Good afternoon.

10         THE COURT:  Good afternoon, counselors.

11         Good afternoon, Mr. DiCristina.

12         THE DEFENDANT:  Good afternoon, your Honor.

13         THE COURT:  I understand there's been a

14   superceding indictment handed up by a grand jury in this

15   matter, and it's a two count indictment and your client

16   intends to plead guilty to Count 2, Mr. Sundaram?

17         MR. SUNDARAM:  That's correct, under a plea

18   agreement.

19         THE COURT:  Now, Mr. DiCristina, as you may know,

20   your case has been assigned to Judge Weinstein, and he's a

21   district judge who will make the ultimate decision whether

22   to accept any guilty plea in this.  If he does, he will be

23   the judge who will sentence you.  You have the absolute

24   right to have Judge Weinstein listen to your plea and if you

25   choose to do so, that will be without any prejudice to you.

1          Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Now, I understand, as your lawyer

4    advises, that you will be pleading guilty to the second

5    count of the superceding indictment in this matter.  I just

6    want to confirm that you have received a copy of the

7    superceding indictment and discussed the charges set forth

8    therein with your attorney.

9          THE DEFENDANT:  Yes.

10          THE COURT:  With respect to the first count, is a

11    count concerning conspiracy to operate an illegal gambling

12    business, and it charges you and your co-defendant Stefano

13    Lombardo with having engaged into a conspiracy to manage,

14    supervise, direct, and own or part of an illegal gambling

15    business.  More specifically, a business on 3741B Victory

16    Boulevard on Staten Island in violation of the specified

17    state law.

18          In Count 2 you're charged with having actually

19    engaged in the conduct, finance, management, supervision,

20    and ownership of part or all of an illegal gambling business

21    during the time period specified.

22          Have you discussed both counts with your attorney?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Do you understand the charges?

25          THE DEFENDANT:  Yes.

1          THE COURT:  Are you prepared to plead guilty to

2    the first count?

3          THE DEFENDANT:  Yes.

4          MR. SUNDARAM:  Your Honor, it's the second count.

5          THE COURT:  I'm sorry.  Are you prepared to enter

6    a plea as to the first count, and then I will go through the

7    allocution for the Count 2.

8          Are you prepared to enter a plea to the first

9    count?

10          THE DEFENDANT:  Not guilty.

11          THE COURT:  Okay.  Now, with respect to the second

12    count to which you intend to plead, as I've been advised,

13    guilty pursuant to a written plea agreement, I want you to

14    understand that Judge Weinstein has referred your guilty

15    plea to me, and he will be the judge who will sentence you,

16    if he accepts your guilty plea.  You have the absolute right

17    to have Judge Weinstein listen to your plea.  If you choose

18    to do so, that will be without any prejudice to you.

19          Do you understand?

20          THE DEFENDANT:  Yes.

21          THE COURT:  I have in my hand a consent form

22    indicating that you have consented to having me hear your

23    plea.

24          Did you discuss this consent form with your

25    attorney?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Is this your signature on the line in

3    the middle of the page above the word "defendant?"

4          THE DEFENDANT:  Yes.

5          THE COURT:  Do you give your consent voluntarily

6    and of your own free will to having me hear your plea?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Since this Court must be certain that

9    you understand your rights and the consequences of your

10   plea, I will explain certain matters to you and ask you

11   questions.  If I say anything you don't understand, please

12   say so, and I will reword.

13          Is that clear?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Would the clerk please swear the

16   defendant.

17          (Defendant is sworn.)

18          THE COURT:  Mr. DiCristina, you have just taken an

19   oath to tell the truth.  Do you understand that if you

20   answer any of my questions falsely, your answers might later

21   be used against you in another criminal prosecution for

22   perjury or for making a false statement?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  What is your full name?

25          THE DEFENDANT:  Lawrence J. DiCristina.

1           THE COURT:  How old are you?

2           THE DEFENDANT:  Thirty-three.

3           THE COURT:  What schooling or education have you

4    had?

5           THE DEFENDANT:  Eleventh grade.

6           THE COURT:  Are you presently or have you recently

7    been under the care of a doctor or psychiatrist?

8           THE DEFENDANT:  No.

9           THE COURT:  Have you ever been hospitalized or

10   treated for any mental illness or addiction to drugs,

11   alcohol, or any other substance?

12          THE DEFENDANT:  No.

13          THE COURT:  In the past 24 hours, have you taken

14   any pills, medicine, or drugs of any kind, or drunk

15   alcoholic beverages?

16          THE DEFENDANT:  No.

17          THE COURT:  Is your mind clear today?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Do you understand the nature of these

20   proceedings?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Mr. Sundaram, have you discussed the

23   question of a guilty plea with your client?

24          MR. SUNDARAM:  Yes.

25          THE COURT:  In your view, does he understand the

```
 1   rights he would be waiving by pleading guilty?

 2              MR. SUNDARAM:  He does.

 3              THE COURT:  Is he capable of understanding the

 4   nature of these proceedings?

 5              MR. SUNDARAM:  Yes.

 6              THE COURT:  Do you have any doubts as to his

 7   competency to proceed today?

 8              MR. SUNDARAM:  No.

 9              THE COURT:  Have you advised him of the penalties

10   that can be imposed and discussed the applicable sentencing

11   considerations, including the sentencing guidelines?

12              MR. SUNDARAM:  I have.

13              THE COURT:  Mr. DiCristina, have you had a full

14   opportunity to discuss your case with your attorney?

15              THE DEFENDANT:  Yes.

16              THE COURT:  Are you fully satisfied with your

17   attorney and the assistance he's given you thus far in this

18   matter?

19              THE DEFENDANT:  Yes.

20              THE COURT:  Now, I have in my hand a copy of the

21   indictment, which we discussed earlier.  It's a superceding

22   indictment.  It contains two counts, and I just want to

23   confirm that you understand both counts and particularly

24   Count 2, which is the count concerning illegal gambling that

25   I've been advised you will be pleading guilty to.
```

1              THE DEFENDANT:  Yes.

2              THE COURT:  I'm going to explain to you next then

3    your right to a trial and what rights you would be waiving

4    by pleading guilty to the charge in Count 2.

5              The first and most important thing you must

6    understand is that you have a right to plead not guilty to

7    this charge and to persist in your plea.  Under the

8    constitution and laws of the United States, you would then

9    have a right to a speedy and public trial before a jury with

10   the assistance of your attorney.  As you know, as has

11   occurred, if you cannot afford an attorney, the Court will

12   appoint an attorney for you.

13             Do you understand?

14             THE DEFENDANT:  Yes.

15             THE COURT:  You are presumed to be innocent and

16   would not have to prove that you were innocent.  At trial,

17   the burden would be on the government to prove beyond a

18   reasonable doubt that you are guilty of the crimes charged.

19   In order to prove you guilty of the crimes charged, the

20   government would have to prove each and every element, each

21   and every part, of that charge beyond a reasonable doubt.

22             So with respect to Count 2, the government would

23   have to prove that your conduct occurred during the period

24   alleged, December 2010 and May 2011, that you did

25   intentionally conduct an illegal gambling business; and

1 more, specifically, that you engaged in the conduct,

2 finance, management, supervision, direction or ownership of

3 a gambling establishment at the location we discussed

4 previously, and that the operation remained in substantially

5 continuous operation for one or more periods in excess of

6 thirty days and had gross revenue of at least $2,000 in any

7 single day.

8        So if the government failed to present beyond a

9 reasonable doubt any one of the elements, whether $2,000 or

10 the time period, the jury would have the duty to find you

11 not guilty.

12        Do you understand?

13        THE DEFENDANT:  Yes.

14        MS. SEIFAN:  Your Honor, I just want to clarify

15 one thing.  Under the statute, the government only has to

16 prove that the gambling operated for more than thirty days

17 or had a gross revenue of at least $2,000 on any single day.

18 We charged it as an "and" because we can prove both, but

19 just for clarification, it's really an "or."

20        THE COURT:  All right.  Okay, but that's what you

21 have in your indictment.

22        MS. SEIFAN:  Yes.

23        THE COURT:  One other element that the government

24 would have to prove would be the involvement of five or more

25 persons.

1              Do you understand that, too?

2              THE DEFENDANT:  I don't understand that question.

3              THE COURT:  The government would have to prove

4    that five or more persons were involved in the illegal

5    gambling operation.

6              THE DEFENDANT:  Okay, yes.

7              THE COURT:  Let me confirm.  If the government

8    fails to present sufficient evidence, the jury would have

9    the duty to find you not guilty on the count for which there

10   is insufficient evidence.

11             Do you understand?

12             THE DEFENDANT:  Yes.

13             THE COURT:  In the course of a trial, witnesses

14   for the government would have to come to court and testify

15   in your presence.  Your lawyer would have the right to

16   cross-examine the witnesses and to object to evidence

17   offered by the government.  You also have the right to offer

18   testimony and other evidence in your behalf and to compel

19   the attendance of witnesses on your behalf.

20             Do you understand?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Although you have the right to testify

23   at a trial, you cannot be compelled to testify and

24   incriminate yourself.  If you decided not to testify, the

25   Court would instruct the jury they could not hold that

1   against you.

2            Do you understand?

3            THE DEFENDANT:  Yes.

4            THE COURT:  If you plead guilty, I will ask you

5   questions about what you did, in order to satisfy myself

6   that you are guilty of the charge to which you seek to plead

7   guilty, and you will have to answer my questions and

8   acknowledge your guilt.  Thus, you will be giving up the

9   right that I just described: that is, the right not to say

10  anything that would show you are guilty of the crime with

11  which you are charged.

12           Do you understand?

13           THE DEFENDANT:  Yes.

14           THE COURT:  If you plead guilty and the Court

15  accepts your guilty plea, you will be giving up your right

16  to a trial and all the other rights I've just discussed.

17  There will be no trial, and the Court will simply enter a

18  judgment of guilty based on your plea.

19           Do you understand?

20           THE DEFENDANT:  Yes.

21           THE COURT:  Are you willing to give up your right

22  to a trial and the other rights I have discussed with you?

23           THE DEFENDANT:  Yes.

24           THE COURT:  I understand that you've entered into

25  a written agreement with respect to your guilty plea, and I

1   have in my hand a eight-page document entitled, "Plea

2   Agreement," which has been marked Court Exhibit 1.

3            Would you please take a look at Court Exhibit 1.

4            Have you had an opportunity to read that plea

5   agreement in its entirety?

6            THE DEFENDANT:  Yes.

7            THE COURT:  Have you discussed it fully with your

8   attorney?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Is that your signature on page eight

11  of the agreement?

12           THE DEFENDANT:  Yes.

13           THE COURT:  This agreement provides that you will

14  plead guilty to Count 2 of the superceding indictment.  It

15  sets forth various sentencing considerations and other terms

16  with respect to your guilty plea.

17           Do you understand each and every provision of this

18  written plea agreement?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Does the agreement as written fully

21  and accurately reflect your understanding of the agreement

22  that you've reached with the government?

23           THE DEFENDANT:  Yes. Other than the promises

24  contained in this written plea agreement, has anyone made

25  any other promises that have caused you to plead guilty?

1            THE DEFENDANT:  No.

2            THE COURT:  Has anyone made any promises as to

3  what your sentence will be?

4            THE DEFENDANT:  No.

5            THE COURT:  Then I would to discuss with you the

6  consequences of pleading guilty today.

7            The statute you're accused of violating with

8  respect to Count 2 of the superceding indictment provides

9  for a term of imprisonment from zero to five years.  In

10  determining what sentence to impose within the statutory

11  range, Judge Weinstein will consider the guidelines issued

12  by the United States Sentencing Commission and the other

13  factors specified by 3553(a) of the Criminal Code in

14  determining whether to impose a sentence within the

15  guideline range.

16            The other factors he will consider include: the

17  nature and circumstances of the crimes committed; your

18  characteristics and criminal history; and the public

19  interred in your sentence.

20            Prior to sentencing, the Court will receive a pre-

21  sentence report containing information about those factors

22  and the guidelines.  You and your lawyer will have the

23  opportunity to see that report and to speak on your behalf

24  at sentencing.

25            Do you understand?

1              THE DEFENDANT:  Yes.

2              THE COURT:  Have you talked about the Sentencing

3    Commission Guidelines and how they might apply to your case

4    with your attorney?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Under the plea agreement, you have

7    agreed to stipulate to the guideline calculation set forth

8    in paragraph 2 of the agreement.  So irrespective of

9    whatever factor may come up, you are agreeing not to

10   challenge any calculation within the stipulated six to

11   twelve month period.

12             Do you understand?

13             THE DEFENDANT:  No.

14             MR. SUNDARAM:  Your Honor, I just need a moment,

15   please.

16             (Discussion held off the record.)

17             MR. SUNDARAM:  We're ready to proceed.

18             THE COURT:  Okay.  So do you understand you've

19   stipulated to the guideline calculation set forth in the

20   plea agreement?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Notwithstanding the fact that there is

23   a stipulation, I would like the attorneys to tell me on the

24   record what the estimated guideline range will be.

25             MS. SEIFAN:  The government estimates the

1    defendant's likely adjusted offense level to be ten, which

2    carries a range of imprisonment of six to twelve months,

3    assuming that he is in category one.

4           THE COURT:  Now, keep in mind that ultimately

5    Judge Weinstein will determine what the appropriate

6    guideline range will be, but certainly the stipulation will

7    weigh heavily in his determination.  The calculation in the

8    plea agreement could be wrong or change based on new facts

9    obtained.  Until a pre-sentence report is prepared and the

10   Court hears from you, your lawyer, and the government at

11   sentencing, we won't know with certainty what the guidelines

12   will be or whether or not there will be grounds to depart

13   from them, or whether the Court will impose a non-guideline

14   sentence.

15           Do you understand?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Now, under the plea agreement, the

18   government has agreed not to take any position concerning

19   where with in the guideline range, as determined by the

20   Court, your sentence should fall.

21           Do you understand that any recommendation made by

22   you, even if it's not opposed by the government, is not

23   binding and could be rejected by the Court?

24           THE DEFENDANT:  Yes.

25           THE COURT:  So if your sentence is higher than

1  recommended or expected, you will not be able to withdraw

2  your guilty plea.

3      Do you understand?

4      THE DEFENDANT:  Yes.

5      THE COURT:  In addition to imprisonment, you may

6  be sentence to supervised release.  Supervised release means

7  that after you are released from prison, your activities

8  will be supervised by the probation department, and there

9  may be may restrictions placed on you, such as travel

10  limitations, requirements that you report to a probation

11  officer, prohibitions on carrying guns, and the like.

12      Do you understand the nature of supervised

13  release?

14      THE DEFENDANT:  Yes.

15      THE COURT:  The statute you are accused of

16  violating provides for a supervised release term of up to

17  three years.  What is important to keep in mind is that if

18  you violate the conditions of release, you could be returned

19  to prison for up to two years, even if the violation occurs

20  close to the end of the supervised period.  That means that

21  if you don't follow the conditions of supervised release,

22  your prison term could be substantially lengthened.

23      Do you understand?

24      THE DEFENDANT:  Yes.

25      THE COURT:  You could also be subject to a maximum

1  fine of $250,000 or twice the gross profits of the

2  enterprise.  I understand from a proceeding earlier this

3  morning, the government has no evidence that twice the gross

4  profits will exceed the maximum fine amount; is that

5  correct?

6          MS. SEIFAN:  That's correct, your Honor.

7          THE COURT:  Do you understand what I have just

8  said?

9          THE DEFENDANT:  Yes.

10         THE COURT:  You will also have to pay a mandatory

11 $100 special assessment.  As the plea agreement provides,

12 you have agreed to forfeiture of $5,000, and you will have

13 to pay that $5,000 by the sentencing date or be subject to

14 entry of an order of forfeiture.

15         Do you understand that?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Now, if after you are sentenced you or

18 your attorney think that the Court has not properly followed

19 the law in sentencing you, you ordinarily would have the

20 right to appeal your sentence to a higher court.  However,

21 under the plea agreement, you've substantially limited your

22 right of appeal and agreed not to file any appeal or

23 otherwise challenge your sentence or judgment of conviction,

24 if you are sentenced to a term of imprisonment of 12 months

25 or less.

1          Do you understand?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you have any questions you would

4    like to ask me about the charge, your rights, or anything

5    else relating to this matter?

6          THE DEFENDANT:  No, your Honor.

7          THE COURT:  Is everything clear to you?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Mr. Sundaram, do you know of any

10   reason why your client should not enter a plea of guilty to

11   the charge?

12         MR. SUNDARAM:  No, your Honor.

13         THE COURT:  Are you aware of any viable legal

14   defense?

15         MR. SUNDARAM:  No.

16         THE COURT:  Mr. DiCristina, are you ready to

17   plead?

18         THE DEFENDANT:  Yes.

19         THE COURT:  How do you plead to the charge

20   contained in Count 2 of the superceding indictment?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  Are you making this plea of guilty

23   voluntarily and of your own free will?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Has anyone threatened or forced you to

1    plead guilty?

2              THE DEFENDANT:  No.

3              THE COURT:  Other than the written plea agreement

4    marked Court Exhibit 1, which we discussed earlier, has

5    anyone made you any promise that caused you to plead guilty?

6              THE DEFENDANT:  No.

7              THE COURT:  Has anyone made you any promise about

8    the sentence you will receive?

9              THE DEFENDANT:  No.

10             THE COURT:  Then I would like you to describe

11   briefly in your own words what you did in connection with

12   the crime charged in Count 2.

13             THE DEFENDANT:  Between December of 2010 and May

14   of 2011, I helped run a poker game out of bike shop in

15   Staten Island, New York.

16             THE COURT:  Was that bike shop located at 3741B

17   Victory Boulevard?

18             THE DEFENDANT:  Yes.

19             THE COURT:  Were five or more persons involved in

20   the operations there, the gambling operations?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Did that gambling operation remain in

23   substantially continuous operation for one or more periods

24   in excess of thirty days?

25             THE DEFENDANT:  Yes.

```
 1              THE COURT:  Did that operation derive gross
 2    revenues of at least $2,000 in a single day?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  Is that correct?
 5              THE DEFENDANT:  Yes, wagered, yes.
 6              THE COURT:  Based on the information given to me,
 7    I find that the defendant is acting voluntarily, that he
 8    fully understands the charge, his rights, and the
 9    consequences of his plea, and that there is a factual basis
10    for the plea.  I therefore recommend to Judge Weinstein to
11    accept Mr. DiCristina's plea of guilty to Count 2 of the
12    superceding indictment.
13              I understand that sentencing has been scheduled
14    for March?
15              THE CLERK:  March 26 at 10 a.m.
16              THE COURT:  Okay.
17                      * * * * * * * * *
18
19
20
21
22
23
24
25
```

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

ELIZABETH BARRON                    January 27, 2012